**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

DAVID LEE BRYANT,

               Plaintiff,

v.                                              CIVIL ACTION NO.   2:25-cv-00461

BOOKING OFC WELLMAN, et al.,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff David Bryant's ("Plaintiff") Complaint.   (ECF No. 2.)   By Standing Order entered in this case on July 25, 2025, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R").   Magistrate Judge Tinsley filed his PF&R on May 13, 2026, recommending that this Court dismiss this matter without prejudice for failure to prosecute and deny as moot Plaintiff's Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 9.)

This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   Failure to file timely objections constitutes a waiver of *de novo* review.    28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).    In addition, this Court need not conduct a *de novo* review when a party "makes general

1

and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R were due on June 1, 2026.   (ECF No. 9.)  To date, Plaintiff has failed to submit any objection in response to the PF&R, thus constituting a waiver of *de novo* review and Plaintiff's right to appeal this Court's order.[1]

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 9), and **DISMISSES** this action **WITHOUT PREJUDICE** for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.   Additionally, Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), is **DENIED AS MOOT**.   The Court further **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:       June 16, 2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the copy of the PF&R that was mailed to Plaintiff at his address on record was returned as undeliverable.  (ECF No. 10.)   However, per Rule 83.5 of the Local Rules of Civil Procedure, Plaintiff—as a *pro se* party—"must advise the clerk promptly of any changes in name, address, or telephone number." The fact that the PF&R mailed to Plaintiff was returned as undeliverable due to Plaintiff's failure to maintain his current address with the clerk does not impact the Court's review and analysis of the PF&R and does not provide Plaintiff with an avenue to object to the PF&R after the June 1, 2026 deadline.